**382** MATTER OF CITY OF NEW YORK (UPPER N. Y. BAY). No. 1.

Second Department, January, 1927. [Vol. 219

THE CITY OF NEW YORK, Appellant; STATEN ISLAND RAILWAY COMPANY and Others, Respondents. (Appeal No. 1.)

Second Department, January 28, 1927.

**Eminent domain — proceedings to condemn land under water on Staten Island — awards, though large, will not be disturbed — award for lands under water within lines of streets projected should not have been made on basis that claimants own entire fee — easement by city should have been taken into consideration — this branch of case is remitted unless respondents stipulate to reduction of two-thirds — grants by State to certain claimants or predecessors did not restrict use of land to construction of wharves, docks and piers — award should have been made as to said claimants on basis of unrestricted use, subject to navigation — plan of dock department, upon which proceeding is based, could not be considered in making awards — covenants, in certain grants by State, that grantee would accept stipulated amount if city acquired property, are not void — enhanced value properly given to certain property by reason of common ownership — consequential damages to lands not taken properly awarded except where claimants stipulated otherwise — award properly made on basis that certain property might be valued on assumption that piers could be shedded, and as to other property that vessels had right to berth on both sides — as to land under water subject to covenant that it would never be built upon but would be kept as open waterway, award should have been limited to nominal damages.**

In proceedings by the city of New York to acquire title to land under water on Staten Island, the awards made will not be disturbed on the ground of excessiveness, for, while it appears that the awards are rather large, they are not so grossly excessive as to shock the conscience of the court.

It was error to make an award for lands under water within the lines of certain streets as projected on the basis that the owner held the entire fee to said lands, for the city of New York had an easement in said lands, and that fact should have been taken into consideration. This branch of the case is remitted by the Appellate Division for a revision of the award unless the claimants are willing to stipulate that the award shall be reduced by two-thirds.

Certain grants by the State to the claimants, or their predecessors, even though made for the purpose of commerce, were not restricted to the construction of public wharves, docks and piers, and the collection of wharfage for the use thereof, but said claimants were entitled, under the grants, to the unrestricted use of the premises so granted, subject, of course, to the rights of the Federal and State governments, including such powers as the city had on navigable

waters, and, therefore, the award made on the basis of such unrestricted use was proper.

It was proper for the court to determine that the plan of the dock department, on which this proceeding is based, should not be considered in making the awards.

Covenants contained in grants by the State to certain claimants, to the effect that in case the city should institute proceedings to acquire the property so granted, the grantees would accept the amount paid to the State and the value of any improvement thereon, plus their expense for acquiring the patent not exceeding a stipulated sum, were not void, and should have been properly taken into consideration in making the awards to said claimants. The doctrine of *Lawrence* v. *Fox* applies to these covenants.

Although several adjoining parcels of land were owned by distinct corporate entities, an award on the basis of common ownership was properly made, since it appears that said corporate entities were owned by a single corporation.

An award of consequential damages to the lands not taken was proper in this case, except as to those claimants who consented that the Appellate Division might strike out the items of consequential damages as to property owned by them.

The court also properly took into consideration, in making an award, that the piers on the waterfront could be shedded, for it could not be assumed that a license for shedding would not be granted in a proper case.

As to certain parcels, they were properly valued upon the theory that vessels had the right to berth on both sides thereof.

The award as to one parcel, which was subject to a covenant in the deed that it would never be built upon but would be kept as an open waterway, should have been limited to one dollar, for such parcel had only a nominal value.

APPEAL by the City of New York from a final decree of the Supreme Court, entered in the office of the clerk of the county of Richmond on the 24th day of March, 1925, upon the tentative decree and decision of the court rendered after a trial at the Kings Special Term, making certain awards for property taken for the improvement of the waterfront on Staten Island.

*Henry W. Mayo* [*George P. Nicholson, Corporation Counsel*, with him on the brief], for the appellant.

*A. S. Gilbert* [*R. E. T. Riggs* with him on the brief], for the respondents The Staten Island Railway Company and others.

*Albert B. Boardman* [*Edwin J. Freedman* with him on the brief], for the respondents Stapleton Dock and Warehouse Corporation and others.

*Montague Lessler*, for the respondent American Dock Company.

*John G. Clark*, for the respondents Thompson and Pape.

*Isaac E. Bermant* [*Henry Herz* with him on the brief], for the respondent Tighe.

*Charles Lamb*, for the respondent Jaburg.

*Francis P. O'Connor* [*Edward W. Murphy* with him on the brief], for the respondents Atlantic Mutual Insurance Company and others.

*Valentine Taylor* [*Vincent L. Leibell* with him on the brief], for the respondent Consumers Coal and Ice Company.

PER CURIAM. We have carefully considered all the questions involved in this appeal and raised by the parties. We do not think that the awards made by the learned justice at Special Term should be disturbed on the ground that they are excessive. They are not, in our opinion, so grossly excessive as to shock the conscience of the court. While they are large, the property taken on the waterfront of Staten Island is quite valuable and, as the learned justice made a careful view of the premises taken, we do not think we should attempt to substitute our judgment for his.

In view of our former decision on the appeal from the order or decree determining questions of title (*Matter of City of New York* [*Upper New York Bay*], 215 App. Div. 204), which was made after the final decree involved in this appeal, the awards made for the parcels which included the streets projected through the lands under water are incorrect because based upon the theory that the claimants owned the entire fee and that the city had no title or interest therein. Our former decision, on the contrary, held that the city had an easement through these lands under water within the lines of Simonson avenue, Vanderbilt avenue and Arrietta street as projected through the lands under water, and that the claimants held title in fee to these lands subject to such easement. This easement, therefore, should have been taken into account in making the awards, as these easements, to some extent at least, would lessen the value of the property taken. Under the ruling of the Court of Appeals in *Matter of City of New York (Main St.)* (216 N. Y. 67) the common-law easement in question seems to be of a somewhat different character from the ordinary street easement, and to consist simply in a right of passage over any accretion to the land, natural or artificial, to the water and from the water to the land, and that, subject to that right of passage, the owner of the fee might devote the property to any use which did not interfere with such right of passage by the public, and it was held in that case that the fee of such lands subject to such an easement was of more than nominal value. This branch of the case, therefore, will have to be remitted to the Special Term to make new valuations in accordance with this ruling, unless the respondents shall stipulate to reduce the awards for the lands taken in the parcels in question, so as to allow only twenty-five cents per square

foot for the lands included between the projected lines of Simonson and Vanderbilt avenues and thirty cents per square foot for those between the projected lines of Arrietta street instead of seventy-five cents and ninety cents per square foot respectively. This is a reduction of two-thirds of the valuation made by the Special Term for the lands in these projected streets. The total awards for the lands in the parcels including these streets are as follows: Parcels 1, 1-a, 1-b and 1-c, $812,027.24; parcels 2 and 2-a, $695,050.09; parcels 21, 21-a, 21-b, 21-c, 21-d, 21-e, 22 and 22-a and parcels 17, 17-a, 17-b, 18, 20, 20-a and 20-b, $1,870,930.64; a total of $3,378,007.97. Of course these reductions apply only to the area included in these projected streets, and the total reduction will amount to about $117,000. The exact amount, however, will be determined on the settlement of the order.

We do not think the grants by the State to the claimants or their predecessors in title of the lands under water in question, even though made for the purposes of commerce, were restricted as claimed by the appellant to the construction of public wharves, docks and piers and the collection of the statutory wharfage, but that the learned Special Term was correct in its determination that the claimants were entitled to damages based upon a full, unrestricted use of the premises subject to the paramount and superior rights of the Federal and State governments, including such powers as the city had over navigable waters to promote commerce and navigation. We think that the case of *Appleby* v. *City of New York* (271 U. S. 364) settles this question.

We think the learned Special Term was correct in determining that the plan of the dock department upon which this proceeding is based could not be considered in making the awards.

In our opinion, the learned Special Term erred in holding that the covenant contained in the grants by the State to the Atlantic Mutual Insurance Company of the lands under water which includes parcel 3, and the similar covenant in the grant made by the State to Ellen Brown of the lands including parcel 4, were void. In our opinion, these covenants were neither reservations nor exceptions, but simply a covenant by the grantees to the effect that upon any proceedings by the city to acquire this property they would accept the amount paid to the State for the grant and the value of any improvement placed by them upon the property, and their expenses for acquiring the patent not exceeding $350. We also think that the doctrine of *Lawrence* v. *Fox* (20 N. Y. 268) applies to these covenants because the State owed to the city the moral obligation or duty to protect its interest in the acquisition of lands to improve the harbor of New York. (*Williams* v. *Mayor, etc., of N. Y.,*

105 N. Y. 419; *Matter of Mayor, etc., of N. Y.*, 135 id. 253; *Pond v. New Rochelle Water Co.*, 183 id. 330; *Smyth* v. *City of New York*, 203 id. 106; *Rigney* v. *N. Y. C. & H. R. R. R. Co.*, 217 id. 31.)

The awards for these parcels should, therefore, be reduced accordingly.

We also think that the learned Special Term was correct in giving an enhanced value to certain parcels by reason of common ownership and that the fact that these parcels were held by different corporate entities did not prevent such determination, because the stock of these subsidiary corporations was held by them and they were controlled by the main corporation and seemed to have been created simply as holding corporations.

We also think the learned Special Term correctly awarded consequential damages for the lands not taken. The evidence upon this question was conflicting and the finding should not, therefore, be disturbed. In view, however, of the fact that the claimants named in paragraphs 1, 2 and 16 of the decree have filed a consent with this court to modify the decree by striking out the items of consequential damages contained in those paragraphs, the decree will be modified accordingly.

We have also carefully considered the questions raised by the appellant regarding the reception and exclusion of evidence, and do not see that there is any merit in the appellant's objections.

We also think the learned Special Term correctly ruled that the property should be valued on the assumption that the piers could be shedded, because it should not be assumed that a license for such shedding would not be granted in proper cases and under ordinary circumstances. Although the owners of the parcels affected by this question are not engaged in steam transportation, which is necessary under the statute (Greater New York Charter [Laws of 1901, chap. 466], § 844, as amd. by Laws of 1921, chap. 611) to enable them to obtain such license, the statute applies both to an owner and to a lessee and, as the property might have been leased for the business in question, it could be valued for that use.

We also think that parcels 14 and 14-a were properly valued upon the theory that vessels had the right to berth on both sides thereof. (See *New York Dock Co.* v. *Flinn-O'Rourke Co., Inc.*, 198 App. Div. 376.) In our opinion, the decision of this court in *Consumers Coal & Ice Co.* v. *City of New York* (181 App. Div. 388) is not *res adjudicata* upon this question and does not prevent the valuation made. We think, however, that the Special Term erred in awarding fifty cents a square foot for the land under water in parcel 22, because it was subject to a covenant in a deed that it would never be built upon but would be kept as an open water-

way.  In our opinion, this parcel, therefore, could not be built upon or used in any way except as an open waterway, and it, therefore, had only a nominal value.  The Special Term should have awarded only a nominal value of $1 for this parcel, and the award should, therefore, be reduced by deducting $22,505.  The award for parcels 13 and 13-a of $533,921.06 should be divided so as to award to the Stapleton Dock and Warehouse Corporation $433,750 and the balance, $100,171.06, to the claimant the Greater New York Dock and Warehouse Company, in conformity with our decision in the separate appeal taken by the latter corporation. (*Matter of City of New York* [*Upper N. Y. Bay*], *No. 2*, 219 App. Div. 387).

The final decree appealed from should, therefore, be modified in accordance with the foregoing opinion, and as modified affirmed, with costs to the respondents.

Present — KELLY, P. J., JAYCOX, MANNING, YOUNG and KAPPER, JJ.

Decree modified in accordance with opinion, and as so modified unanimously affirmed, without costs.  Settle order on notice.

---

In the Matter of the Application of the CITY OF NEW YORK, etc., Relative to Acquiring Title to and Possession of Certain Real Property, Wharf Property, Lands under Water, etc., for the Improvement of the Water Front and Harbor of the City of New York on Upper New York Bay between Simonson Avenue, Clifton, and Arrietta Street, Tompkinsville, in the Borough of Richmond, City of New York, etc..

THE CITY OF NEW YORK and Another, Respondents; GREATER NEW YORK DOCK & WAREHOUSE CO., INC., Appellant.  (Appeal No. 2.)

Second Department, January 28, 1927.

**Eminent domain — proceedings to condemn land on Staten Island — waiver in lease of right of tenant to damages in case property is taken by eminent domain and option given tenant to purchase, construed as independent clauses — said option is properly within meaning of Greater New York Charter, § 969, subds. 3, 4 — not necessary for tenant to comply with lease by accepting option, for condemnation divested rights of both parties — tenant is entitled to value of option which is represented by difference between amount stipulated in option and amount awarded to owner.**

In proceedings to condemn land on Staten Island, instituted by the city of New York, in which it appears that the land in question is owned by one party and is held under a lease by another, a clause in the lease, stipulating that in case the